# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS ROY CROSS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYAN LOVELL, Judge, Official and )<br>Individual Capacities; LOGAN NILES, )<br>Waukomis Police Chief, Official and )<br>Individual Capacities; FNU GIBSON, )<br>Garfield County District Judge, Official )<br>and Individual Capacities; DAYLON )<br>RIVERS, Garfield County Jail Administrator, )<br>Official Capacity; FNU FISHER, Garfield )<br>County Court Bailiff, Official and Individual )<br>Capacities; FNU WOODWARD, Garfield )<br>County District Judge, Official and Individual )<br>Capacities; FNU DEAN, Cpl., Garfield County )<br>Jailer, Official Capacity; FNU LOWE, Cpl., )<br>Garfield County Jailer, Official Capacity; )<br>STATE OF OKLAHOMA, Official Capacity; )<br>COUNTY OF GARFIELD, Official Capacity; )<br>CITY OF WAUKOMIS, Oklahoma, Official )<br>Capacity; SETH CHILDS, Garfield County Jail )<br>Employee, Official Capacity; RIANON PECK, )<br>Garfield County Jail Nurse, Official and )<br>Individual Capacities; ADVANCED )<br>CORRECTIONS HEALTH, Official Capacity; )<br>FNU WILSON, Garfield County Jail Employee,)<br>Official Capacity; FNU BARAHAS, Garfield )<br>County Jail Employee, Official Capacity; FNU )<br>REEB, Garfield County Jail Employee, Official )<br>Capacity, )<br>)<br>Defendants. ) | Case No. CIV-24-00156-JD |

**ORDER**

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell on June 5, 2024. [Doc. No. 26]. Judge Mitchell recommends that the Court dismiss Plaintiff Douglas Roy Cross, Jr.'s Complaint [Doc. No. 1] without prejudice. *See* [Doc. No. 26 at 12 (recommending dismissal of the complaint without prejudice)].

Judge Mitchell advised Plaintiff of his right to object to the Report and Recommendation by June 26, 2024, and that failure to timely object to the Report and Recommendation would waive appellate review of the recommended ruling. Plaintiff did not file an objection or seek any additional time in which to do so.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that

---

[1] The Court's record reflects that the Report and Recommendation of June 5, 2024, was mailed to Plaintiff at his provided address and returned to the Court as undeliverable. *See* [Doc. Nos. 26, 28]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").

the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Given no timely objection by Plaintiff, and upon its review, the Court ADOPTS the Report and Recommendation [Doc. No. 26] and dismisses the action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 27th day of June 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE